Judge Robertson
delivered the opinion of the Court.
In an action of assumpsit, by Warner vs. Margaret Brown, and G. W. Brown, the jury found a several verdict for G. W Brown, and against Margaret Brown; on which the court rendered judgment.
When the evidence closed, the counsel for the defendants, moved for a non-suit, on the ground, that it had not been proved, that both defendants had assumed.
The court overruled the motion. A motion was then made in arrest of judpnent, which was also overruled.
The sole ground relied on, for reversing the judgment, is, that the court erred in overruling the motion for a non-suit.
The “allegata et probata,” must substantially correspond. The contract as charged in the declaration, pmst be so far sustained by a correspondence, with *38 that proved, as to be identified with it. Then the judgment will bar another suit on the same contract. But if the contract proved, varies materially from that declared on, the plaintiff ought not to recover, ^ those who may be jointly bound by a contract, are not sued, those who are sued, can take advantage^ of the non-joinder of the others, only by plea in abatement; because, those omitted, may be dead, or otherwise not liable. But when several are sued jointly, “ex contractu, the plaintiff must prove a joint assumpiit by all. I. Chitty, 31-2. Ib, 135.
In this case, the evidence is not reported, and therefore, it cannot be known certainly on what ground G. W. Brown succeeded. If the jury found for him because he never assumed on himself in fact to pay, there can be no doubt, that the plaintiff ought to have been non-suited. But he could prove infancy, under the general issue. And if he had done so, it is clear, that therefore, the plaintiff was not entitled toa ver-diet against Margaret Brown.
It is laid down in I. Chitty, 33; and Tidd, 631, that a plaintiff should be non-suited, if in a joint action, on contract against two defendants, one of them shall prove, that by infancy, or coverture, his assump-sit or contract was not valid in law.
But there is an opposing current of authorities. We will not now stop to refer to them. They however maintain, that, if a defendant, in a joint action, ex contractu against several, be discharged, on- a de-fence, which extinguishes the demand, as payment, release, &c. theplaintiff cannot havejudgmentagainst any of the defendants. But, that if the ground, on which the successful defendant was discharged, be personal as infancy or coverture, or occur after the contract, as bankruptcy, this will not benefit the other defendants, nor non-suit the plaintiff.
This seems to be the most reasonable and consistent doctrine. For the plaintiff ought to be allowed to sue, all who, in fact, made the contract with him. He then declares, according to the truth of the case. He does not know, that one will plead infancy. He may not even know, that any one is an infant.
Chinn, for plaintiff; Combs, for defendant.
Suppose, knowing that one is an infant, the crédit-ór omit to sue him, and declare on the contract, as one made by the others only. Will the proof correspond with the couni? "Will not the variance be essential and fatal. And if, to obviate this discrepancy, it be proved, that the person omitted, is an infant, does that make any difference? Is he bound to plead infancy? Is it to be presumed that he will? Have not the other defendants a right to demand that he be joined with them in the suit, so that he may. bear a portion of its burthen?
It has been repeatedly decided, and by. this court too, that if one joint defendant in a suit on a contract in writing, succeed as to himself on the issue of non est factum, the plaintiff is nevertheless entitled to a judgment against the others. The reason is, that he is apparently bound as a party, and therefore, the plaintiff has a right to sue him with the others.
The reason for a similar doctrine on assumpsit, is much stronger; because in the latter, the plaintiff' knows, that the infant did assume in fact.
In this case, it does not appear from the record, on what ground, G. W. Brown was discharged by the jury. If it were because he never assumed in fact, the court ought to have directed a non-suit. But if it were, because, although he did actually assume, his assumpsit was not binding in law, on account ofinfan-cy, we are inclined to think, that the judgment is right. We are sure it is, if we are correct in our impression of the law, as we have stated it. We believe we are.
But be t.his as it may, the judgment must be reversed for another reason. The jury was sworn to try the issue, and the record does not state what the issue was, nor is any plea filed.
•Judgment reversed, and cause remanded for a new trial.